IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENT DIXON,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 12-2657 |
| | : | |
| **HONORABLE JUDGE** | : | |
| **KENNETH POWELL, JR., et al.,** | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**                                                                                           June 15, 2012
**U.S. MAGISTRATE JUDGE**

      Petitioner Brent Dixon filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while in a Philadelphia County jail awaiting trial on second-degree murder, robbery, and conspiracy charges.  See generally § 2241 Habeas Corpus Pet. Form, Dixon v. Powell, No. 12-2657 (E.D. Pa. May 14, 2012) [hereinafter Pet.]; Crim. Docket, Commonwealth v. Dixon, No. CP-51-CR-9670-2010 (Pa. Ct. Com. Pl. Phila.) [hereinafter Docket].[1]  Dixon's petition, filed before his trial began, attacks the basis for his pretrial detention and seeks release from custody and dismissal of the charges against him.  See Pet. at 3-6.

      Three days after Dixon's petition was referred to me for a Report and Recommendation, his trial in state court began.  See Order, Dixon v. Powell, No. 12-2657 (E.D. Pa. June 4, 2012) (Joyner, C.J.); Docket at 8 (showing jury selection began June 7, 2012).  Yesterday, after a week-long jury trial, Dixon was found not guilty of all charges.  Docket at 4, 10.  Although there is

---

    [1] I have appended the state-court docket to my Report as Exhibit A.

federal jurisdiction to entertain Dixon's petition because he was in custody at the time it was filed, his acquittal rendered his petition moot.  See DeFoy v. McCullough, 393 F.3d 439, 441-42, 442 n.3 (3d Cir. 2005) (petition is moot when petitioner is no longer in custody unless "he will suffer some collateral consequences if his conviction is allowed to stand"); accord Leyva v. Williams, 504 F.3d 357, 362-63 (3d Cir. 2007).

Because Dixon has been acquitted and is no longer in state custody awaiting trial,[2] I respectfully recommend his petition be DISMISSED as moot.[3]

Accordingly, I make the following:

---

[2] The Philadelphia Prison System has confirmed Dixon is no longer being detained based on the charges of which he was acquitted.  He remained detained following the jury's verdict due to an unrelated Traffic Court matter, but he is scheduled to be released today.  I have attached records verifying this as Exhibit B to this Report.

[3] I did not order Respondents to answer the petition because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." See Rule 4, 28 U.S.C. fol. § 2254.

Even if Dixon's petition were not rendered moot by his acquittal, it would be subject to dismissal based on Dixon's failure to exhaust his claims in state court.  See 28 U.S.C. § 2254(b); Cone v. Bell, 556 U.S. 449, 465 (2009); O'Sullivan v. Boerkel, 526 U.S. 838, 839, 845 (1999); see also Docket at 7-10 (noting Dixon filed a motion seeking dismissal based on a state speedy trial rule in February 2012, which remained pending at the time of his acquittal, but showing no other efforts to attack his pretrial confinement in state court).

**RECOMMENDATION**

AND NOW, this 15th day of June, 2012, it is respectfully recommended the petition for a writ of habeas corpus be DISMISSED as moot. It is further recommended that there is no probable cause to issue a certificate of appealability.[4] The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy thereof. See Fed. R. Civ. P. 72. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

---

[4] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.

# Exhibit A

# Exhibit B